GOSPEL SPREADING CHURCH,
Appellant,

v.

JOHNSON PUBLISHING CO., Inc.

No. 24676.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 5, 1971.

Decided Dec. 10, 1971.

Wilkey, Circuit Judge, concurred in result.

Mr. Arthur M. Reynolds, Washington, D. C., for appellant.

Mr. Belford V. Lawson, Jr., Washington, D. C., for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and FRANK M. JOHNSON, Jr.,* Chief Judge, United States District Court for the Middle District of Alabama.

PER CURIAM:

This action in libel was brought by a nonprofit corporation, organized for religious purposes, which operates a federation of nine churches located in the District of Columbia, Maryland, Pennsylvania and Virginia. The corporation was founded in approximately 1919 by Elder Lightfoot Solomon Michaux. He was also its chief spiritual leader and chief executive officer and is now deceased. The article which is the basis for the action was published by defendant in its April 24, 1969 issue of *Jet* magazine. It contained a number of statements concerning the size of the estate left by Elder Michaux and the pos-

* Sitting by designation pursuant to 28 U.S.C. § 292(c) (1964).

sible interest of his estate in several large apartment buildings in which plaintiff claims to own "100% of all the capital stock of each of the corporations which holds title to said properties." There were also other defamatory inferences.

■■ The District Court granted defendant's motion for summary judgment after defendant filed affidavits of its executive editor, editor, publisher and the writer of the article disclaiming malice toward the plaintiff (Church). Plaintiff filed no counter affidavit alleging malice and in the absence of such affidavit summary judgment is justified. Thompson v. Evening Star Newspaper Co., 129 U.S.App.D.C. 299, 394 F. 2d 774 (1968). In New York Times v. Sullivan, 376 U.S. 254, 279–280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964) and Curtis Publishing Co. v. Butts, 388 U.S. 130, 162–165, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967) (Warren, C. J., concurring), the Court held that public officials and public figures cannot recover for libel without proof that the statement was made with actual malice. In Rosenbloom v. Metromedia, Inc., 403 U.S. 29, 91 S.Ct. 1811, 29 L.Ed.2d 296 (1971), the prevailing opinion (Brennan, J.) points out that the underlying basis for the decisions in the *New York Times* and subsequent cases

> derives not so much from whether the plaintiff is a "public official," "public figure," or "private individual," as it derives from the question whether the allegedly defamatory publication concerns a matter of public or general interest. See T. Emerson, "The System of Freedom of Expression" 531–532, 540 (1970). In that circumstance we think the time has come forthrightly to announce that the determinant whether the First Amendment applies to state libel actions is whether the utterance involved concerns an issue of *public or general concern,* albeit leaving the delineation of the reach of that term to future cases.

403 U.S. at 44–45, 91 S.Ct. at 1820 (emphasis added). Clearly the Gospel Spreading Church satisfies both criteria. As an established church with substantial congregations it seeks to play "an influential role in ordering society," Curtis Publishing Co. v. Butts, *supra,* 388 U.S. at 164, 87 S.Ct. at 1996, and may properly be considered to be a *public* institution. As the beneficiary of special constitutional and statutory rights and exemptions its activities are also of "public or general concern" within Rosenbloom v. Metromedia, Inc., *supra.* The general public has a vital interest in knowing whether federal and local religious tax exemptions are being properly applied and in knowing whether the housing program of the federal Government is being abused. Such matters are all of public concern. *See* Coleman v. MacLennan, 78 Kan. 711, 98 P. 281, 285 (1908), cited and quoted in New York Times v. Sullivan, *supra,* 376 U.S. at 281–282, 84 S.Ct. 710. Chief Justice Warren, in his concurring opinion in Curtis Publishing Co. v. Butts, *supra,* which involved an alleged attempt to "fix" college football games, remarked:

> Our citizenry has a legitimate and substantial interest in the conduct of such persons, and freedom of the press to engage in uninhibited debate about their involvement in public issues and events is as crucial as it is in the case of "public officials." The fact that they are not amenable to the restraints of the political process only underscores the legitimate and substantial nature of the interest, since it means that public opinion may be the only instrument by which society can attempt to influence their conduct.

■ We conclude that the Gospel Spreading Church meets the "public" requirement of *New York Times* and *Butts* and that its activities in the real estate and religious tax exemption field are of "public concern" under *Rosenbloom.* Hence, since appellant on the

**1052**

motion for summary judgment failed to meet appellee's proof that malice was lacking and thereby raise an issue of fact, the motion was properly granted.

Affirmed.

WILKEY, Circuit Judge, concurs in the result.